**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY JARVIS, #418939,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0856-N** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.[1]** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, the subject cause has been referred to the United States Magistrate

Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus brought by a state inmate

pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently confined at the Boyd I Unit of the Texas Department of

Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Teague, Texas.

Respondent is the Director of TDCJ-CID.  The Court did not issue process in this case pending

preliminary screening.  On May 16, 2006, the Court issued a questionnaire to Petitioner, who

---

[1]       Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas
Department of Criminal Justice, Correctional Institutions Division.  The caption is being
changed pursuant to Fed. R. Civ. P. 25(d).

filed his answers on June 1, 2006.

Statement of the Case:  Following his plea of not guilty, Petitioner was convicted of aggravated robbery in Criminal District Court No. 3 of Dallas County, Texas, in Cause No. F86-83803-J.  (Petition (Pet.) at 2 and Answer to Question 1).  On March 24, 1986, punishment was assessed at twenty-five years imprisonment.  (Pet. at 2).  His conviction and sentence were affirmed on direct appeal.  (Id. at 3).  Prior to his conviction for aggravated robbery, he was convicted of rape for which he received a six-year sentence.  (Id. at 7).

In April 2002, Petitioner was released on mandatory supervision[2] subject to special conditions as part of the "super intensive supervision program" or SISP.  (Id. at 7).  The special conditions included sex offender counseling, sex offender registration, and electronic monitoring.  (Id.).  On November 3, 2004, Petitioner's mandatory supervision was revoked.  (Answer to Question 2).

In this habeas corpus action, Petitioner challenges neither his underlying conviction nor the revocation of his mandatory supervision.  (Answer to Question 3).  His petition concerns only the technical conditions of his supervised release that were imposed in April 2002.  (Answer to Question 4).  Specifically he argues that those conditions were retroactively applied and unconstitutional.

Prior to filing this action, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, raising the claims at issue in this case.  On January 25, 2006, the Court of Criminal Appeals denied the application without written order.  (Answer to

---

[2]     Mandatory supervision is a form of release in which a prisoner is supervised by the Pardons and Paroles Division of TDCJ rather than being released on traditional parole.  See Tex. Gov't Code § 508.001(5).

Question 6).

Findings and Conclusions:  It is clear that Petitioner's mandatory supervision was revoked on November 3, 2004, when he was returned to the custody of TDCJ-CID, prior to the date on which the present petition was filed.  (Answer to Question 2).  The revocation of his mandatory supervision requires this Court to examine whether it has jurisdiction over the instant action.  See Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' "  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980).  Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit."  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp, 494 U.S. 472, 477-78 (1990)).  "This means that, through out the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  Id. (quoting Lewis, 494 U.S. at 477).

Given the fact that Petitioner neither attacks the validity of his aggravated robbery conviction nor the revocation of his period of mandatory supervision and the fact that he is no longer subject to the special conditions imposed as part of the SISP in April 2002, his petition fails to state a claim over which this Court has jurisdiction.  Moreover, even had Petitioner been at large on mandatory supervision at the time he filed his federal petition, a subsequent revocation of that release, whereby he was no longer subject to the SISP's special conditions

3

would have rendered his claim moot.  A case becomes moot "when the issues presented are no

longer 'live' or the parties lack a legally cognizable interest in the outcome.  Geraghty, 445 U.S.

at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).  See also DeLa Cerda v.

Dretke, 2005 WL 2656349 (S.D. Tex. Oct. 17, 2005) (dismissing as moot habeas corpus petition

which sought relief from SISP conditions imposed because the petitioner's mandatory

supervision had been revoked).

RECOMMENDATION:

     For the foregoing reasons, it is recommended that the District Court dismiss the petition

for a writ of habeas corpus for want of jurisdiction.

     The Clerk will transmit a copy of this recommendation to Petitioner

     Signed this 10th day of August, 2006.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE



                              NOTICE

     In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.
1996) (en banc), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.